IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MR. ROBERT L. HILLMAN,**

    **Plaintiff,**

    **vs.**
                                    **2:16-cv-0096**
                                        **Judge Watson**
                                        **Magistrate Judge King**

**FRANKLIN COUNT PROSECUTOR'S,**
*et al.*,

    **Defendants.**

### REPORT AND RECOMMENDATION

Robert L. Hillman, a state prisoner, has filed a document captioned "*Criminal Complaint/Affidavit*," in which he purports to assert criminal charges against various participants in his state court criminal proceedings (assistant county prosecutors, a testifying police officer, and the state court trial judge), as well as the clerk of the state court who allegedly mis-filed as a civil action a criminal complaint filed by Mr. Hillman in state court.

This action seeks to initiate a criminal prosecution in this Court and to enforce federal criminal statutes. Indeed, Mr. Hillman expressly denies any intention to pursue a civil claim under 42 U.S.C. § 1983. *Criminal Complaint/Affidavit*, ECF No. 1, PAGEID# 7. As a general rule, however, a private right of action cannot be maintained under a criminal statute. *American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973). *See also United States v. Oguaju*, 76 Fed.

1

Appx. 579, 581 (6th Cir. July 9, 2003)(there is no private right of action under either 18 U.S.C. §§ 241, 242) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)); *Howard v. Ohio Supreme Court,* 2008 WL 148890, *8 (S.D. Ohio January 14, 2008)(18 U.S.C. §245 is a criminal statute that does not give rise to a civil cause of action). Moreover, it is the United States Attorney – not a private citizen – who is authorized to "prosecute . . . all offenses against the United States" within each district. 28 U.S.C. § 547(1).

It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976,

984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


                                          *s/Norah McCann King*
                                          Norah M$^c$Cann King
                           United States Magistrate Judge

February 2, 2016
(Date)